

**U.S. Department of Justice**

*United States Attorney's Office*
*District of Delaware*

---

Nemours Building
1007 Orange Street, Suite 700
P.O. Box 2046
Wilmington, Delaware 19899-2046

(302) 573-6277
FAX (302) 573-6220

May 27, 2005

Honorable Gregory M. Sleet
United States District Court
J. Caleb Boggs Federal Building
844 King Street
Wilmington, Delaware 19801

    Re:  **United States v. Christopher Stansberry,**
          **Criminal Action Nos. 04-77-GMS & 05-55-GMS**

Dear Judge Sleet:

    The defendant is prepared to enter a guilty plea pursuant to the terms of the enclosed Memorandum of Plea Agreement. The Court has scheduled the guilty plea for June 1, 2005, at 9 a.m.

                                      Respectfully,

                                      COLM F. CONNOLLY
                                      United States Attorney

                           By:   /s/ Richard G. Andrews
                               Richard G. Andrews
                               First Assistant United States Attorney

pc:    Christopher Koyste, Esquire (w/ Enc.)
         Clerk, U.S. District Court (w/ Enc.)

RGA:slb
Enclosure

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Criminal Action No. 04-77-GMS |
| | ) Criminal Action No. 05-55-GMS |
| CHRISTOPHER STANSBERRY, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OF PLEA AGREEMENT**

Pursuant to discussions between the United States of America, by and through its attorney, Richard G. Andrews, First Assistant United States Attorney for the District of Delaware, and the defendant, Christopher Stansberry, by and through his attorney, Christopher Koyste, Esquire, the following agreement is hereby entered into by the respective parties:

1. The defendant shall plead guilty in the United States District Court for the District of Delaware to Counts One, Two, and Three of the Indictment in Criminal Action No. 04-77-GMS. The defendant will plead guilty to Count One, which charges Possession with Intent to Distribute Cocaine, and for which the maximum penalties, pursuant to 21 U.S.C. §§841(a)(1) & (b)(1)(C) and 21 U.S.C. §851, are thirty years imprisonment, a fine of $2,000,000, lifetime supervised release with a minimum sentence of six years of supervised release, and a $100 special assessment. The defendant will plead guilty to Count Two, which charges Felon in Possession of a Firearm, and for which the maximum penalties, pursuant to 18 U.S.C. §§922(g)(1) & 924(a)(2), are ten years imprisonment, a fine of $250,000, three years supervised release, and a $100 special assessment. The defendant will plead guilty to Count Three, which charges Possession of a Firearm in Furtherance of a Drug Trafficking Crime, and for which the maximum penalties, pursuant to 18 U.S.C. §924(c)(1)(A) & (D), are life imprisonment, with a minimum sentence of five years, which must be consecutive to any other sentence, a $250,000 fine, five years of supervised release, and a $100 special assessment.

2. The defendant shall waive indictment, waive venue, and plead guilty in the United States District Court for the District of Delaware to Counts One, Two, and Three of the Information in Criminal Action No. 05-55-GMS. The defendant will plead guilty to all three counts, each of which charges Distribution of Cocaine, and for which the maximum penalties, for each count, pursuant to 21 U.S.C. §§841(a)(1) & (b)(1)(C), are twenty years imprisonment, a fine of $1,000,000, lifetime supervised release with a minimum sentence of three years of supervised release, and a $100 special assessment.

3. The defendant understands the sentences on the six counts to which he is pleading guilty could be imposed consecutively to one another.

4. The defendant understands that the elements of the offenses for the charges to which he is pleading guilty are:

Count 1 of Criminal Action No. 04-77-GMS – that: (1) on or about June 15, 2004, he knowing possessed a controlled substance; (2) that the substance was in fact cocaine; and (3) he intended to distribute the cocaine to others.

Count 2 of Criminal Action No. 04-77-GMS – that: (1) on or about June 15, 2004, he knowingly possessed a firearm, to wit, a Ruger 9mm handgun; (2) that at the time he had previously been convicted of a crime punishable by more than one year's imprisonment; and (3) that the firearm affected interstate commerce, that is, that it had previously crossed state lines.

Count 3 of Criminal Action No. 04-77-GMS – that (1) on or about June 15, 2004, he possessed a firearm, specifically, a Ruger 9 mm handgun; (2) that the possession was done knowingly; and (3) that the possession was done in furtherance of his possession with intent to distribute cocaine.

Counts 1, 2, and 3 of Criminal Action No. 05-55-GMS – that: (1) on or about three dates in May and June 2004, he knowing distributed a controlled substance to another person; and (2) that the substance was in fact cocaine.

5. The defendant understands that at sentencing the District Court must consider the United States Sentencing Guidelines and take them into account in exercising its discretion to determine the appropriate sentence and must also consider the other factors bearing on an appropriate sentence pursuant to 18 U.S.C. §3553(a). The defendant further understands that the Government will recommend that the Court impose a sentence consistent with the sentencing range set forth by the sentencing guidelines. The parties stipulate that the weight of the cocaine, for sentencing guideline purposes, is between 200 and 299 grams. The Government agrees to recommend a three point reduction for acceptance of responsibility, assuming that the Defendant does not do anything inconsistent with acceptance of responsibility subsequent to the entry of the guilty plea. The Defendant understands that the final determination of the sentencing guidelines will be up to the sentencing judge. The defendant understands that the Court is not bound by any stipulation between the parties, and that if the Court calculates the guidelines differently than he expects, or contrary to any stipulation of the parties or recommendation of his attorney, that he will not be allowed to withdraw his guilty plea.

6. The Defendant agrees to pay the $600 in special assessments the day of sentencing. Should he fail to do so, the Defendant agrees to voluntarily enter the United States Bureau of Prisons' administered program known as the Inmate Financial Responsibility Program through which the Bureau of Prisons will collect a portion of defendant's prison salary and apply it on defendant's behalf to the payment of the outstanding debt ordered.

7. The United States Attorney reserves the right to defend any ruling of the District Court should there be an appeal from this case.

8. The defendant abandons any right, title and interest that he may have in the following firearm: a Ruger 9mm handgun, serial number 313-04231, the firearm having been seized by DEA special agents on June 15, 2004; agrees to execute all documents requested by the Government to effect his abandonment; and agrees that the Bureau of Alcohol, Tobacco & Firearms and Explosives and/or DEA may dispose of the firearm in whatever manner it deems appropriate. The defendant acknowledges that this firearm has been administratively forfeited and agrees not to

contest that forfeiture under 18 U.S.C. § 983(e) or any other provision of law or equity and agrees not to file any petition under 28 C.F.R. part 9 seeking remission or mitigation of that forfeiture.

9. The defendant acknowledges that the 2001 BMW 530i, VIN WBADT63471CF01543 seized from him on June 15, 2004 has been administratively forfeited and agrees not to contest that forfeiture under 18 U.S.C. § 983(e) or any other provision of law or equity and agrees not to file any petition under 28 C.F.R. part 9 seeking remission or mitigation of that forfeiture.

10. The defendant agrees to forfeit the $12,620 in U.S. currency seized from him on June 15, 2004.

11. The defendant further agrees to waive the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant acknowledges that he understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any claim that the court failed to advise him of this, pursuant to Rule 11(b)(1)(J), at the time his guilty plea is accepted.

12. The defendant agrees to take all steps as requested by the United States to pass clear title to forfeitable assets to the United States, and to testify truthfully in any judicial forfeiture proceeding.

13. It is further agreed by the undersigned parties that this Memorandum supersedes all prior promises, representations, and statements of the parties; that this Memorandum may be modified only in writing signed by all the parties; and, that any and all promises, representations,

///////////////////

and statements made prior to or after this Memorandum are null and void and have no effect whatsoever.

COLM F. CONNOLLY<br>
United States Attorney

_____
Christopher S. Koyste, Esq.
Attorney for Defendant

BY:_____
Richard G. Andrews
First Assistant U.S. Attorney

_____
Christopher Stansberry
Defendant

Dated:

  **AND NOW**, this ____ day of _____, 2005, the foregoing Memorandum of Plea Agreement is hereby (accepted) (rejected) by this Court.

_____
HONORABLE GREGORY M. SLEET
UNITED STATES DISTRICT JUDGE